USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEVEN MITNICK**, As Assignee for the Benefit of Creditors of NW Sign Industries, <br><br>　　　　　　　　Plaintiff, <br><br>　v. <br><br>**CBRE, INC., JONES LANG LASALLE AMERICAS, INC.**, and **JP MORGAN CHASE BANK, N.A.**, <br><br>　　　　　　　　Defendants. | Civil Case No.: 1:21-CV-05753 (SDA) <br><br><br> June 7, 2022 |

### [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**WHEREAS,** the undersigned parties to this action (collectively the "Parties" and individually a "Party") stipulate to this Confidentiality Agreement and Protective Order pursuant to Rule 26(c), to limit the review, copying, dissemination, and filing of certain confidential and/or sensitive information that they may need to disclose in connection with the discovery in this action;

**IT IS HEREBY STIPULATED** that any Person (which term refers to and shall mean natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, government agencies, or any other type of entity) subject to this Stipulation—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants; all third parties providing discovery in this action; and all other interested Persons with actual or constructive notice of this Stipulation—will adhere to the following terms, upon pain of contempt:

　　　1.　　Any Person subject to this Protective Order who receives from any other Person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Protective Order shall use the Confidential Discovery Material solely for purposes of this action, and only to the extent reasonably necessary and permissible for those purposes, and not for any other purpose or function, including any other litigation or judicial proceedings unrelated to the action, or any other business, competitive, commercial, or administrative purpose or function; provided, however, for the avoidance of doubt, each Party shall be permitted to use or disclose, or to authorize or consent to the use or disclosure of, its own Discovery Material in any manner without limitation or restriction.

2. The Person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, proprietary, financial, or personal information that is not readily ascertainable through lawful means by the public or the receiving party; that is subject to privacy protection by federal, state, local, or applicable foreign law; or that, if produced, would cause the producing Person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing Person or that Person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony shall be designated as "Confidential" for 30 days from the date of receipt of the transcript. Within 30 days of receipt of the transcript, the Parties may designate confidential portions of the deposition transcript with highlighting and serve highlighted copies of the transcripts on the other parties as confidentiality designations. If so designated, the final transcript

of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated "Confidential."

   4. To the extent information is produced in a form rendering it impractical to stamp it as "Confidential" (including electronically stored information produced on electronic, magnetic, or other computer readable media), the producing Person or that Person's counsel may designate such information as "Confidential" by cover letter or by affixing a label stating "Confidential" to the media containing confidential information.

   5. If at any time prior to the trial of this action, a producing Person realizes that some portion of Discovery Material that that Person previously produced without limitation should be designated as "Confidential," the producing Person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order. In addition, the producing Person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

   6. Each Person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

   7. No Person subject to this Protective Order, other than the producing Person, shall disclose any Confidential Discovery Material to any other Person whomsoever, except to:

   (a) the parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other Person shown on the face of the document as having received a copy;

(d) any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such Person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any Person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such Person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying and graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other Person whom the producing Person, or other Person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

8. Prior to the disclosure of any Confidential Discovery Material to any Person referred to in subparagraphs 7(d) or 7(e) above, such Person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that Person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and, if such Person testifies at deposition or trial, produce it to opposing counsel prior to such testimony .

9. Any Person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "outside counsel only," reserved for extraordinary circumstances, including but not limited to information so highly sensitive and/or proprietary that disclosure could compromise and/or jeopardize the producing Person's competitive business interests), may at any time prior to the trial of this action serve upon the designating Person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected Persons shall request a joint telephone call with the Court to obtain a ruling.

10. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow Judge Aaron's Individual Practices with respect to pretrial requests for filing under seal. All Persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

11. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege

or attorney work product, a producing Person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing Person makes a claim of inadvertent disclosure, all receiving Persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing Person, or, upon permission of the producing Person, destroyed.

13. This Court shall retain jurisdiction over all Persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

| MIDDLEBROOKS SHAPIRO, P.C.<br><br>*/s/ Joseph M. Shapiro*<br>Joseph M. Shapiro, Esq.<br>Attorneys for Plaintiff<br>Steven Mitnick as Assignee for the Benefit of Creditors of NW Sign Industries, Inc. | FAEGRE DRINKER BIDDLE & REATH LLP<br><br>*/s/ Marsha J. Indych*<br>Marsha J. Indych, Esq.<br>Attorneys for Defendant<br>Jones Lang LaSalle Americas, Inc. |
|---|---|

|  | WIGGIN AND DANA, LLP<br><br>*/s/ Jenny R. Chou*<br>Jenny R. Chou, Esq.<br>Attorneys for Defendant CBRE, Inc.<br><br><br>GREENBERG TRAURIG, LLP<br><br>*/s/ Matthew Handler*<br>Matthew Handler, Esq.<br>Attorneys for Defendant<br>JPMorgan Chase Bank, N.A. |
|---|---|

SO ORDERED.
Dated: June 7, 2022   _[signature]_

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **STEVEN MITNICK, As Assignee for the Benefit of Creditors of NW Sign Industries,** ) ) ) | |
| Plaintiff, ) | Civil Case No.: 1:21-CV-05753 (SDA) |
| v. ) ) | |
| **CBRE, INC., JONES LANG LASALLE AMERICAS, INC., and JP MORGAN CHASE BANK, N.A.,** ) ) ) ) | NON-DISCLOSURE AGREEMENT |
| Defendants. ) | |

    I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Dated:_____